UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| Tanya White, | ) Case No.: 3:24-cv-00797 |
|---|---|
| Plaintiff, | ) **COMPLAINT** |
| -against- | ) **PLAINTIFF DEMANDS** |
| Everise, Inc., | ) **A TRIAL BY JURY** |
| Defendant. | ) |

Plaintiff, TANYA WHITE, by her attorneys, CONSUMER ATTORNEYS PLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendants have violated the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. § 12101, et seq. ("ADA"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of her actual and/or perceived disability and terminating her employment due to her actual and/or perceived disability.

2. Plaintiff suffers from urge incontinence, which requires her to use the bathroom at least once an hour.

3. Despite the fact that she provided doctor's notes and submitted a form provided by Defendant, EVERISE, INC. ("EVERISE"), to formally request an accommodation allowing her to take frequent restroom breaks, Plaintiff was constantly harassed about her frequent restroom use.

4. Ultimately, Defendants abruptly terminated Plaintiff's employment for "time-card fraud" because of her disability.

1

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

5. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the WESTERN District of NORTH CAROLINA.

7. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 21, 2023, (b) receiving a Notice of Right to Sue from the EEOC on May 21, 2024, and (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, Plaintiff has satisfied all procedural prerequisites for the commencement of the instant action.

## PARTIES

8. At all relevant times, Plaintiff was and is a female resident of the State of NORTH CAROLINA, Mecklenburg County.

9. Upon Information and belief, Defendant EVERISE, INC ("EVERISE"), is a limited liability company duly existing pursuant to, and by virtue of, laws of the State of TEXAS and NORTH CAROLINA that is authorized to do business in TEXAS and NORTH CAROLINA.

10. Upon information and belief, Defendant EVERISE employs more than 15 employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

11. Defendant EVERISE is hereinafter also referred to as ("EVERISE").

12. At all relevant times, Plaintiff was a remote employee in North Carolina of EVERISE, headquartered at 13011 McCallen Pass, Bldg A Austin, TX 87853. EVERISE can be served through its registered agent, Corporation Service Company, at 2626 Glenwood Ave

2

Case 3:24-cv-00797-FDW-DCK     Document 1     Filed 08/29/24     Page 2 of 9

Ste 550, Raleigh, NC 27608.

13. Defendant EVERISE is hereinafter also referred to as "Defendant."

## MATERIAL FACTS

14. In or around October 26, 2021, Plaintiff began working for Defendant as a "Licensed Healthcare Provider."

15. Plaintiff worked approximately forty (40) hours per week and earned approximately sixteen dollars and fifty cents ($16.50) per hour.

16. At all relevant times, Plaintiff was an above-satisfactory employee and was qualified to perform the duties and functions of her employment.

17. On or around November 3, 2021, Plaintiff presented her trainer, Defendant employee Melanie Singer ("Melanie") with a doctor's note requesting an accommodation that would allow Plaintiff to frequently use the restroom due to her bladder-related disability.

18. Plaintiff's trainer confirmed receipt and advised the Plaintiff that her request for accommodation had been sent to Defendant's Human Resources department for review.

19. Plaintiff was then asked by another supervisor at Defendant, Cheyene Morgan, to provide additional documentation for Defendant's Human Resources department to review.

20. On or around April 28, 2022, Plaintiff provided an official ADA (Americans with Disabilities Act) form, completed by her medical provider, to Defendant's Human Resources department again explaining Plaintiff's disability and requesting the aforementioned accommodation.

21. On or around May 1, 2022, Defendant's Human Resources department representative Cheyene Morgan advised Plaintiff that her documents had been added to her employee file and that Plaintiff would be allowed an additional thirty (30) minutes per day for restroom breaks, which Plaintiff received confirmation of via email from Defendant Human

3

Resources Representative Sarah Lambert.

22. Plaintiff continued to work for the Defendant with the approved accommodation to the best of her ability, ensuring that her frequent restroom breaks were prompt and did not disrupt her workflow.

23. Despite Plaintiff's approved accommodation, Plaintiff was frequently harassed by her supervisor, Melanie Seeger ("Melanie"), about her frequent restroom use.

24. Plaintiff advised Melanie that she had a Defendant-approved accommodation for her frequent restroom use and formal ADA accommodation paperwork in place, but the harassment she faced due to her disability, persisted nonetheless.

25. In or around January 2023, Plaintiff contacted Defendant's Human Resources department to request that her accommodation paperwork be sent to Melanie in hopes that it would deter Melanie from constantly harassing Plaintiff for her disability, but Defendant's Human Resources department did not respond to Plaintiff's requests.

26. Shortly after Plaintiff contacted Defendant's Human Resources, she was told by Melanie that if she continued to take "unauthorized" bathroom breaks, Plaintiff would be terminated.

27. On or around January 9, 2023, Plaintiff developed a bladder infection as a result of using the bathroom less frequently out of fear of losing her job under Melanie's supervision.

28. As a result, Plaintiff needed to be seen by her doctor, and provided a doctor's note to Defendant demonstrating as much.

29. On or around January 24, 2023, Plaintiff contacted the Department of Labor and Wages to file a formal complaint against the Defendant regarding the harassment and discrimination she faced due to her disability.

4

30. Plaintiff continued to face harassment and discrimination by Melanie until February 14, 2023, when Plaintiff was told by Melanie and Defendant employee Christian Thompson that she was being terminated for "time card fraud" as a result of her disability and approved accommodation.

31. It is clear from the temporal proximity of Plaintiff's Department of Labor and Wages complaint, as well as the harassment Plaintiff faced, and her termination that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

32. Defendants did not engage, and have not engaged, Plaintiff in any meaningful discussion regarding that would enable Plaintiff to continue her employment under her approved accommodations without being harassed for her disability.

33. Rather than engaging in a meaningful interactive process, Defendants terminated Plaintiff.

34. At no time during Plaintiff's employment with EVERISE did Defendants ever issue Plaintiff a warning or give negative feedback about her performance.

35. Plaintiff has been unlawfully discriminated against on the basis of her actual disability.

36. Defendants acted intentionally and intended to harm Plaintiff.

37. Defendants treated Plaintiff this way solely due to her disability.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, special damages, and great inconvenience.

39. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

41. Defendants are subject to the ADA.

42. Plaintiff was disabled within the meaning of the ADA and/or Defendants perceived Plaintiff to be disabled.

43. Plaintiff is a qualified individual who can perform the essential functions of her employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

44. At all times relevant, Plaintiff's disability was an impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA.

45. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff.

46. Plaintiff felt offended, disturbed, and humiliated by the blatantly unlawful, discriminatory termination.

47. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

48. As such, Plaintiff demands punitive damages as against Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

49. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Section 12112 of the ADA, titled "Discrimination," provides:

    (a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

51. Defendants violated this section as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
### DISCRIMINATION UNDER TITLE VII

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

53. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of Defendant EVERISE.

54. Defendant EVERISE engaged in unlawful employment practices by discriminating against Plaintiff because of her disability.

## AS A THIRD CAUSE OF ACTION
### RETALIATION UNDER TITLE VII

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

57. Defendant EVERISE engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant

## AS A FOURTH CAUSE OF ACTION

7

## RETALIATION UNDER THE ADA

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

59. The ADA prohibits retaliation, interference, coercion, or intimidation.

60. Section 12203 of the ADA provides:

> (a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

> (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

61. Defendant violated this section as set forth herein..

## **JURY DEMAND**

62. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the ADA and Title VII. in that Defendants discriminated against Plaintiff on the basis of her actual and/or perceived disability.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: _____
August 30, 2024

**CONSUMER ATTORNEYS**

*/s/Dawn McCraw*
Dawn McCraw, NC Bar No. 54714
8095 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1527
E: dmccraw@consumerattorneys.com